George A. Seaman et al., Executors, etc., Appellants, *v.*
G. Irvine Whitehead, Respondent.

A surrogate has no authority, upon the accounting of an executor, to direct
him to pay a sum to his counsel for the services of the latter; charges
for services, rendered by an attorney to an executor, are against the
executor individually, and there is no authority warranting a decree in
favor of the attorney, against the estate, or against the executor as such.

The allowances authorized to be made by the act of 1863, relating to
proceedings in the surrogate's court (§ 8, chap. 362, Laws of 1863), are
to the executor himself, and allow him to charge the estate for such
counsel fees as he has been obliged to pay, limited, however, by the
rate prescribed by the act.

Where a surrogate, in his decree upon the final accounting of an executor,
directed the payment by him to his counsel of a sum stated; *held,* that
the question, as to the jurisdiction of the surrogate to make the order,
could be raised by motion before the surrogate to set aside that portion of
the decree; and that an appeal lay from an order denying such motion.

(Argued September 22, 1879; decided September 30, 1879.)

Appeal from order of the General Term of the Supreme
Court, in the second judicial department, affirming an order
of the surrogate of the county of Dutchess, so far as the same
denied a motion on the part of the appellants for an order set-
ting aside that portion of the decree of said surrogate, made
upon the final accounting of said appellants as executors of
the will of John B. Seaman, deceased, which directed said
executors to pay to the respondent, their attorney, the sum
of $1,000 for his services.

*Edward M. Shepard,* for appellants. The statute author-
izes an allowance to an executor and not to his counsel as
against him. (*Burtis* v. *Dodge,* 1 Barb. Ch., 77; *Austin* v.
*Monroe,* 47 N. Y., 360; 2 R. S., 220, § 1; Laws 1863, chap.
362.) The surrogate's court is one of limited jurisdiction,
having only such power as is given by the express terms of
statutes, and some powers incidental thereto. (*Bevan* v.
*Cooper,* 72 N. Y., 327; *Watson* v. *Nelson,* 69 id., 536; *Shel-
don* v. *Wright,* 5 id., 497; *Sibley* v. *Waffle,* 16 id., 180;
*Cleveland* v. *Whiton,* 31 Barb., 544.) An order made with-

out such authority is void, and may be attacked collaterally as well as directly, and in any court or proceeding. (*People* v. *Corlies*, 1 Sandf. S. C., 228; *People* v. *Barnes*, 12 Wend., 492; Laws 1870, chap. 359, § 1; *Titus* v. *Relyea*, 8 Abb. Pr., 177–182; *Dudley* v. *Mayhew*, 3 N. Y., 9; *Davis* v. *Packhard*, 7 Peters, 276; *Tucker* v. *Tucker*, 4 Keyes, 136.) The fact that the surrogate had general jurisdiction of the accounting will not help the respondent; the decree is void as to the part exceeding jurisdiction. (*Am. Ins. Co.* v. *Fisk*, 1 Paige, 90; *Dobson* v. *Pearce*, 12 N. Y., 164; *Browning* v. *Vanderhoven*, 55 How., 97.) The respondent's claim being against the executors personally can be only so enforced. (*Austin* v. *Munro*, 47 N. Y., 360.) The surrogate, except in the county of New York, has no power to award counsel fees. (*Reid* v. *Vanderheyden*, *supra;* *Shultz* v. *Pulver*, 3 Paige, 182; *Wilcox* v. *Smith*, 26 Barb., 316; *Burtis* v. *Dodge*, 1 Barb. Chy., 77; *Devin* v. *Patchin*, 26 N. Y., 441; *Lee* v. *Lee*, 39 Barb., 172; *In re Second Ave. M. E. Church*, 66 N. Y., 395; Laws 1837, chap. 460, § 70.)

*R. W. Peckham*, for respondent. That part of the motion before the surrogate, as to opening the decree of May thirty-first, upon application of the appellants, assuming he had the power, was addressed entirely to his discretion, and no appeal lies from his determination thereon. (*Dinsmore* v. *Adams*, 66 N. Y., 618; *Howell* v. *Mills*, 53 id., 322; *Schaettler* v. *Gardiner*, 47 id., 404.) If the surrogate's order were absolutely void for want of jurisdiction, an order refusing to set it aside upon motion might be appealable. (*Kamp* v. *Kamp*, 59 N. Y., 212; 47 id., 404.) The surrogate had jurisdiction to allow costs to defendant. (Laws 1863, chap. 362, § 8; *Shuman* v. *Strauss*, 52 N. Y., 404; *Erie Railway* v. *Ramsey*, 45 id., 637.)

MILLER, J. The decree of the surrogate directed the appellants to pay to the respondent the sum named therein

as an allowance to him for his services to the executors and his disbursements. This allowance was in favor of the attorney as against his clients, and it is at least very questionable whether any time to appeal begins to run against such an order.

The question arising in such a case relates to the jurisdiction of the surrogate and could properly be raised by a motion to set aside the order upon that ground. If void, it should have been vacated for that reason, and an appeal lies from an order denying the motion to vacate. (*Kamp* v. *Kamp*, 59 N. Y., 212; *Schaettler* v. *Gardiner*, 47 id., 404.) The surrogate, having full power to modify or strike out the objectionable features of the decree if it was void, should have granted the motion. (*Vreedenburgh* v. *Calf*, 9 Paige, 128; *Sipperly* v. *Baucus*, 24 N. Y., 46.)

The question as to the validity of the order depends upon the power of the surrogate. The surrogate's court is one of limited jurisdiction, and is confined to such proceedings and the exercise of such powers as are given by the express terms of statutes, and as are incidental thereto. (*Bevan* v. *Cooper*, 72 N. Y., 317.) The power of the surrogate in respect to allowances upon the settlement of estates is conferred by chapter 362, section 8, Session Laws of 1863, which declares, that : " On the settlement of the account of an executor or administrator, the surrogate shall allow to him for his services, and if there be more than one, shall apportion among them, according to the services rendered by them respectively, over and above his or their expenses. * * And there shall also be allowed on each settlement such sum for counsel fee thereon and preparing therefor as to said surrogate shall seem reasonable, not exceeding the sum of ten dollars for each day engaged therein." It will be noticed that the allowance is to be made " to him ; " that is, to the executor or administrator, and not to his counsel, nor against the executor or administrator. There is no authority whatever which warrants a decree in favor of the executor's counsel against the estate which is repre-

sented by the executor or against the executor as such. Previous to the statute cited an executor could not charge the estate for a counsel fee, upon the final settlement of his accounts or for drawing up the same in proper and legal form upon such settlement. (*Burtis* v. *Dodge*, 1 Barb. Ch., 77.) Such charges for services to an executor are against him individually and not as executor. (*Austin* v. *Monroe*, 47 N. Y., 360.)

The act of 1863 has not altered the rule and created a liability of the estate to counsel. It was evidently intended to enable the executor or administrator to charge the estate for such counsel fees as he was obligated to pay upon an accounting, at the rate prescribed by law. It has been adjudicated that the surrogate, except in the city and county of New York, has no authority to award counsel fees. (*Reid* v. *Vanderheyden*, 5 Cow., 719; *Burtis* v. *Dodge*, *supra*; *Devin* v. *Patchin*, 26 N. Y., 441.) He can only award taxable costs, and it is error to allow a sum in gross. (*Reed* v. *Reed*, 52 N. Y., 651.)

We are not referred to any precedent or reported case which authorizes a surrogate to allow counsel fees against an executor or administrator; and the claim of the respondent being against the executors individually, the estate cannot be made liable except within the statutory limit. To hold otherwise would give to that officer the power to grant allowances, without any limit, to the detriment and waste of estates, and in violation of the express terms of the statute. As no authority existed by statute or otherwise to make the allowance in question, the order was void for want of jurisdiction and should have been vacated.

As the surrogate acted without authority and exceeded his jurisdiction in making the allowance to the respondent, the motion made should have been granted, and the General Term erred in modifying the order. Both of the orders should therefore be reversed, and the appellant's motion must be granted, with costs of each appeal.

All concur.

Ordered accordingly.