HENRY Y. ATTRILL, Appellant, *v.* THE ROCKAWAY BEACH IMPROVEMENT COMPANY (Limited) and Others, Respondents.*

*Receivers of insolvent corporations — who are within the purview of chapter 537, Laws of 1880 — removal of a receiver — where the motion must be made — to whom notice of the motion should be given.*

Chapter 537 of 1880, providing means for compelling receivers of insolvent corporations to make and file reports, applies only to such receivers as are appointed in proceedings instituted under title 4 of chapter 8 of part 3 of the Revised Statutes, who are, by chapter 348 of 1858, required to make and file quarterly reports of their proceedings. It has no application to receivers of insolvent corporations appointed in one of the additional cases defined and declared in chapter 151 of 1870.

A receiver of an insolvent corporation appointed under subdivision 4 of section 3 of chapter 151 of 1870, in the first judicial district, in an action there pending, cannot be removed upon an application made in the third judicial district.

Even when a court in one judicial district has power, under chapter 537 of 1880, to remove a receiver appointed in an action pending in another judi-

* See *post*, page 509.

cial district, it has no power under the said act to appoint his successor. To accomplish that end, the proceedings must be remitted to the district in which the action is pending.

A receiver appointed in such an action should not be removed without notice of the application having been given to the plaintiff in the action, at whose instance he was appointed.

APPEAL from an order made at Special Term, denying a motion to vacate an order removing a receiver and appointing another person to act as receiver in his place.

This action, the *venue* of which is laid in the city and county of New York, was commenced by the plaintiff against the Rockaway Beach Improvement Company (limited) for the appointment of a receiver of the corporation, on the ground of its insolvency or immediate danger of insolvency. On August 2, 1880, John A. Rice was appointed receiver and took possession of the property.

On the 2d day of May, 1881, Judge WESTBROOK, upon the affidavits of Hamilton Ward, attorney-general, and Charles J. Everitt, made an order that Rice should show cause why he should not be removed, which order was returnable at a Special Term to be held at Kingston, in the third judicial district, on the seventh day of said May, and provided that service thereof should be made only upon Rice. Upon the return of this order, which was served upon none of the parties to this action, an order was made that Rice file his accounts, and a referee was appointed to pass upon the account. The referee made his report and upon this report, and the affidavits before referred to, Judge WESTBROOK, at a Special Term held in the city of Albany, in the third judicial district, made an order removing Rice and appointing James W. Husted receiver, and providing for service only upon Rice or his attorneys. None of the parties to this action had notice of either of the orders made by Judge WESTBROOK.

A motion was made to set aside the last mentioned order removing Rice and appointing Husted for irregularity; and from the order denying the motion, this appeal was taken.

*Thos. M. Wheeler*, for the appellant.

*C. J. Everett* and *Rastus S. Ransom*, for the respondents.

DANIELS, J. :

The receiver who was removed from his office upon a motion made in the third judicial district, was appointed upon motion in an action prosecuted by the plaintiff as a stockholder of the corporation.

It was instituted and pending in this district and consequently triable here. The authority for his appointment, in an action of this description, is contained in subdivision 4, section 3, chapter 151, of the Laws of 1870, and it could only be exercised after a notice of at least eight days had been given of the application, to the proper officers of the corporation. (Id., § 3.) As the action was triable in this district and the appointment of a receiver could only be made upon notice, the order making it was not one which, under section 772 of the Code of Civil Procedure, could be vacated in any other part of the State. It was, on the contrary, in substance declared that it could be vacated only upon motion of which previous notice was given, for the appointment was a provisional remedy, and that is the only mode in which a proceeding of that nature may be reconsidered.

To remove such a receiver therefore the motion for that purpose can, under the terms of section 769 of the Code of Civil Procedure, be heard only in the first judicial district, when the action is triable there, unless authority for that purpose has been created by the terms of chapter 537 of the Laws of 1880. And whether it has or not must depend upon the circumstance whether he has been required by law to make and file reports of his proceedings. If he has, then under that act a motion might be made in the third judicial district for his removal. But if he has not, then such a motion in that district would be clearly in contravention of the positive language of section 769 of the Code of Civil Procedure, and an order following it granting the relief applied for, would be absolutely void.

That the act of 1880 was only intended to be applied to such receivers of insolvent corporations as had at the time been required to make and file reports is clear from the terms in which it has been enacted. The sections contained in it referring to the officers who may be removed under its authority expressly confine it to those who are required to make and file reports. The language made use of in this respect contemplates the existence of some other statu-

tory authority upon this subject by which the obligations and duties
of receivers may have been prescribed. It is consistent with
no other construction, and was intended to reach a class of cases
where, by consulting the positive law, the receiver could discover
his duties and protect himself against the delinquencies intended to
be punished under its authority. A simple order of the court
requiring the receiver to report would not be sufficient to bring the
case within the language of this statute, and was not therefore
intended to be affected by it. In fact no necessity existed for leg-
islation over that class of cases, for it has always been competent
for the courts to fix the time within which, and prescribe the con-
sequences of a failure on the part of a receiver, to make and file a
proper report. No extension of the legal remedies over that class
of cases was required for the purpose of attaining all just and
proper results. But where, by the terms of any law of the State, a
receiver had been required to make and file a report of his proceed-
ings within a specified period of time, there may have been pro-
priety in some enactment of this nature declaring what should be
the consequence of his omission to observe the duty enjoined upon
him by law. And it was to reach that class of cases, and no other,
that the act of 1880 appears to have been enacted. The general
terms made use of in its last section form no exception to this con-
struction of its provisions, for they are restricted to the class of
cases mentioned in the preceding sections and are evidently made
use of only to define the course of proceeding which may be taken
to carry the other provisions of the statute into effect. Whether
the court in the third district had authority to interfere with or
remove this receiver must depend, therefore, upon the result of an
investigation to be made for the purpose of ascertaining whether he
was one of the officers mentioned in it who had been required by
law to make and file a report of his proceedings.

By chapter 348 of the Laws of 1858, amending section 42 of
chapter 8, article 2, title 4, part 3 of the Revised Statutes, the
receivers, whose appointments were provided for in that article,
were required to keep accounts and make and file quarterly reports
of their proceedings in each and every year verified by the oath of
the officer making the same. The provisions made by this amend-
ment were definite and certain as to what the officer was required

to do, and prescribed the time when the requisite acts should be performed, and they correspond fully in their nature with the allusions made to a further law in the act of 1880 requiring receivers to make and file reports of their proceedings.   The nature of the duty prescribed by the first act, and of the references contained in the last act, indicate an identity of intention including both of these statutes, and they together form a clear and intelligible system so far as they have been made to extend.   The first is a positive law requiring the receivers affected by it to make and file their reports at certain specified periods of time, and the other declares certain consequences which shall result from an omission to comply with what has been so required.   But this act requiring receivers to make and file reports, by its terms extended no further than to control the conduct of those who derived their appointment under the authority of the title of the Revised Statutes, to one section of which this act was an amendment.   The cases in which receivers of the effects of corporations might be appointed had been previously enumerated. (3 R. S. [5th ed.], 763, 764, §§ 44, 46, 49.)   And it was only to such receivers that the amendment made by the act of 1858 was rendered applicable.   But the receiver who was appointed in this action was not one of those whose appointment was provided for by either of these sections.   This receiver on the contrary, as has been already stated, was appointed under the authority of chapter 151 of the Laws of 1870, which in addition to providing for other cases in which such an appointment might be made, in terms, also continued in force the provisions contained in the title of the Revised Statutes already mentioned.   And without intrenching upon the previous statutory authority created upon this subject, this act was made to include additional cases not before the subject of legislation.

It was enacted subsequent to the law requiring reports from receivers appointed under the authority of the Revised Statutes, and in no manner subjected the receivers to be appointed under it to the provisions contained in the act of 1858.   Such certainly was its effect as to the receiver appointed in this action, at the suit of the plaintiff as a stockholder.

In compiling the statutes known as the sixth edition, so much of the act of 1870 as prescribed the cases in which receivers might be

appointed under it, was inserted in that compilation previous to the section amended by the act of 1858. (3 R. S. [6th ed.], 749.)

This gave the statute the appearance of requiring the same reports from such receivers as were by its terms required from receivers appointed under the provisions of the Revised Statutes. But that was evidently done without authority, inasmuch as the act of 1858 had in no manner been rendered applicable to the provisions of the act of 1870, not before that time forming any part of the Revised Statutes. The act of 1870 was not enacted as an amendment of those statutes, but as an independent law defining and declaring additional cases in which receivers of the property of corporations might be appointed. And for that reason the amendment of 1858 relating only to the receivers mentioned in the Revised Statutes cannot, by any rule of construction, be rendered applicable to the act of 1870. In this respect this compilation of the statutes was unauthorized and calculated to create such an erroneous impression of the law as may have resulted in the hearing and determination of the application for the removal of this receiver in the third judicial district. But even if it did, that circumstance can furnish no real justification for the court in hearing an application over which its jurisdiction did not in reality extend. As the statutes of the State stood upon this subject when the application was heard, the receiver affected by it was not within the terms of the act of 1880, for the reason that he had not been by law, as the receivers mentioned in the Revised Statutes had, required to make and file reports of his proceedings. The motion to remove him for his misconduct should therefore have been made in the first judicial district of the State. The action was pending there, and the motion could not be made elsewhere. (Code, § 769.)

The order, consequently, which was made in the third district, was unauthorized and void, and it was not only so as to the removal of the receiver, but also as to the appointment of his successor. For the latter act no authority was given, even by the Law of 1880. When the application under its provisions can be heard out of the district in which the action is pending, the relief afforded can extend no farther than to remove the receiver himself. No authority, either in terms or by implication, has been given to appoint his successor, and consequently to attain that end the proceedings should

have been remitted to this district, even if the order for the removal of the receiver had itself been authorized.

It was for that reason, according to the views expressed in *Seaman v. Whitehead* (78 N. Y., 306–308), the proper subject of a motion to vacate it. And as all motions on notice, by the express language of the section of the Code last referred to, are required to be made in this action in the first district, it necessarily included the motion required to vacate the order.

This point was considered in the case of *Fitch v. Hall* (18 How., 314), and that was held to be the only correct conclusion which could be adopted, and it was placed upon the authority of a case previously heard and decided by the General Term of the third judicial district.

The order which the plaintiff applied to have vacated through the application made at the Special Term should have been declared a nullity, and disposed of accordingly. As the act of 1880 had no application to the case, that order had been entered without authority, and it was the province of the court at which the motion was made to vacate and set it aside. The order from which the appeal has been taken should therefore be reversed and an order entered vacating the order made in the third district for the removal of the receiver and the appointment of his successor, and the application should be remitted to the Special Term at Chambers, for the purpose of determining what order ought properly to be entered upon the complaint made concerning the misconduct of the receiver and indicating the necessity of appointing and continuing his successor. Upon this application this court cannot accede to the request presented on behalf of creditors for the continuation of the successor of the receiver in office. But whether that should be done or not must be determined by the Special Term. He has faithfully managed the affairs committed to his care, and if the original receiver is to be removed he may be a proper person to select as his successor.

Whatever should be done in that respect will be fully determined on the hearing of the application to be provided for by the order to be entered upon this decision.

Brady, J., concurred.

Davis, P. J. :

I concur fully, in the conclusion of my brother Daniels on the grounds stated by him. I think also that the other questions in the case ought to be considered. The receiver appointed in the action was removed without notice to the plaintiff, or indeed to any party in the suit. The order to show cause why the receiver should not be removed was only directed to be served on the receiver himself. It was served upon neither the plaintiff nor the defendant, nor did either of them appear on the hearing. No notice of application for the appointment of a new receiver was given to the plaintiff, or to the defendant corporation. The motion was made under the act of 1880, and was of necessity a motion in the pending action. It was in no sense an original proceeding. It was the duty of the moving party to have given notice to the plaintiff, and no order binding upon him could be made without such notice or without his appearing on the motion and expressly or by necessary inference waiving such notice. This irregularity was too gross to be disregarded. The plaintiff, who is now appellant, had the fullest interest in the receivership. He was entitled to be heard upon any question affecting it. He was especially interested in the question who should be appointed receiver if the existing one should be removed. No action taken without notice to him, or a hearing on his behalf can be upheld. This principle is so elementary and so controlling in all cases that no authority need be cited. In this case it was wholly disregarded. The irregularity was therefore fatal to the order so far as it affects or can affect the plaintiff or his rights. And the motion to set it aside as to him was properly made at the Special Term in this district, which is the place of trial of the action. It should have been granted by the court below. If the plaintiff had a right of appeal from the order, which is certainly questionable, he yet had a clear right to move at Special Term to set aside an order void as against him for such an irregularity.

The order made by the Special Term in the third district was, as already suggested, one in an action the place of trial of which is in the city and county of New York. The justice ordered it to be entered in Albany county. This was a violation of the rules of the court, but it did not affect the validity of the order because the irregularity could be corrected by another order directing the entry

in the proper county. It was introducing a method of practice greatly inconvenient and embarrassing to the administration of justice. In effect it divided the pending action in which the receiver had been appointed into two parts, to be run concurrently in different districts and before different justices or courts. The one having the action and its merits in hand which, of course, involve the question whether there should have been any receiver appointed, and the other taking charge of the management of the receiver and the incidental orders affecting his proceedings, and the disposition of funds in his hands. Such a division of actions and dispersion of papers in the same action ought not to be tolerated. It is sure to lead to controversies and, perhaps, to abuses discreditable to the administration of justice. Motions will be made, conflicting in their nature, touching the disposition of funds or the conduct of the receiver in the different districts, resulting in conflicts injurious to the rights of parties and unhappy in all their aspects. It is very clear that the act of 1880 contemplates nothing of the kind; nor was it intended that a motion in the third district made by the attorney-general under that act, in a suit pending in a distant portion of the State, should operate to transfer the control of any new receivership that might be created, from the courts where the action was pending, and confer it on a court of justice in a distant portion of the State.

The abuses to be corrected by the interposition of the attorney-general would, in many cases, be slight compared with those which might grow out of the concentration in one district of the control, patronage, allowances, accountings and discharging of receivers, to say nothing of the expense and embarrassment of distant parties, counsel, witnesses, and receivers in attending before courts distant from their places of residence. It is to be regretted, in view of the case made against Receiver Rice, which seems to call for his removal, that these questions should have arisen. But they are before us in the case, and must be disposed of in conformity to established rules of law and practice affecting not only this but all other cases of like nature, and they demand a reversal of the order in so far as it affects the appellant.

Brady, J., concurred.

Order reversed.