BOLTON HALL and Others, Appellants, v. THE UNITED STATES REFLECTOR COMPANY, Respondent.

*Attachment — the fees and expenses of the sheriff are to be adjusted by the judge issuing the warrant — they cannot be adjusted by the court — on an application for their adjustment no direction can be given as to the person by whom they shall be paid — Code of Civil Procedure, sec. 3307, sub. 2, 3287.*

The fees and expenses of the sheriff upon an attachment issued in this action were partially settled by an order made by the court on November 15, 1882, and finally settled by a second order made by the court on June 1, 1883, prior to which time the attachment had been discharged by the voluntary action of the plaintiffs. By these orders the plaintiffs were ordered and directed to pay the amount so allowed to the sheriff, and he was thereupon directed to release and deliver the property attached to the defendant. No appeal was taken from either of these orders. Subsequently the plaintiffs moved to amend the orders by striking out so much thereof as required the plaintiffs to pay the amount of the said fees to the sheriff.

*Held,* that under section 3307 of the Code of Civil Procedure, the judge had no power to do more than adjust the fees, compensation and expenses of the sheriff, and that he could not inquire or determine as to the liability of the parties for the payment of the amount so adjusted.

That as there was no authority for the insertion in the order of the directions for the payment of the fees, etc., by the plaintiffs, they could move to have it stricken therefrom although no appeal had been taken.

That the orders were inoperative for the further reason that they were made by the court and not by the judge issuing the warrant, as required by the Code of Civil Procedure.

APPEAL from an order made at a Special Term on October 31, 1883, denying a motion to modify orders adjusting the sheriff's fees and expenses under an attachment issued in this action. One of the orders was entitled "at a Special Term of the Supreme Court, held at the court-house in the city of New York, on the 15th day of November, 1882," and the other "at a Special Term of the Supreme Court, held at chambers thereof, at the court-house in the city of New York, on the 1st day of June, 1883."

*William B. Hornblower,* for the appellants.

*Edward P. Wilder,* for the respondent.

*Malcolm Graham,* for the sheriff.

DANIELS, J.:

The fees and expenses of the sheriff were in part adjusted by the order made on the 15th of November, 1882, and a further and final adjustment of them was made by an order of the 1st of June, 1883. Before the final order the attachment was discharged by the voluntary action of the plaintiffs, and the adjustment therefore included the entire amount allowed to the sheriff. By the order which was then made, as well as the one preceding it, the plaintiffs were ordered and directed to pay the amount allowed to the sheriff, and he was thereupon directed to release and deliver to the defendant the property which had been attached. No appeal was taken from either of these orders, and at the time when the final order was made, the direction now complained of was unimportant, for the reason that judgment had been directed in favor of the defendant. Since that time, however, the judgment has been reversed upon appeal, and it was therefore considered important, to prevent the punishment of the plaintiffs for their failure to obey it, that this direction contained in the orders should, by their modification, be omitted; and it was to secure that result that the motion was made

upon which the order was entered from which the appeal has been taken. This motion proceeded upon the proposition that the judge to whom the adjustment of the sheriff's fees and expenses was confided, had no authority to add to the adjustment the direction for the payment of the amounts. But the motion was resisted, and the same ground has been taken in support of the order, upon the theory that the only remedy for its correction was by way of an appeal. But if this direction was made without the authority of law, then it could very well be corrected by means of this motion. This practice was considered and held to be applicable to such a state of facts in *Seaman* v. *Whitehead* (78 N. Y., 306). For the point, as it was there held, related to the jurisdiction of the judge, "and could properly be raised by a motion to set aside the order upon that ground. If void, it should have been vacated for that reason, and an appeal lies from an order denying the motion to vacate." (Id., 308.)

The same practice has been considered and held to be proper in *Fitch* v. *Hall* (18 How., 314), and *Attrill* v. *Rockaway Beach Improvement Company* (25 Hun, 376). The course pursued, therefore, for the correction of the orders in this respect, was a proper one, and if the directions complained of were made without the authority of law, the appeal will now require this court to exclude it from the orders.

By subdivision 2 of section 3307 of the Code of Civil Procedure, the sheriff's fees, compensation and expenses in executing a warrant of attachment are to be adjusted by the judge issuing the warrant, and that is all the authority over this subject which has been given to him by the statute. By section 3287 of the Code, either party had the right to require this adjustment to be made, and when it was made, it could be made only by the judge issuing the warrant. The law gave him no authority either to inquire, or adjudicate, as to the liability of the parties for the payment of the amount adjusted, but that was left to another and different course of proceeding. This direction, therefore, was one which he had no legal authority at the time of either of the adjustments to make.

In addition to this defect of authority, it appears that the orders were made by the court, and as the statute invested the judge himself with the authority, and conferred no power upon the court to

make the adjustment, the orders were also inoperative for that reason. (*Heishon* v. *Knickerbocker Life Ins. Co.*, 77 N. Y., 278; *Schumaker* v. *Crossman*, 12 Weekly Digest, 99.)

There was a plain want of authority for giving the directions, which, by the motion, the plaintiffs applied to have vacated. For that reason the orders should have been so modified as to strike out these directions, and as that was not done, the order from which the appeal has been taken should be reversed, and an order entered so modifying the preceding orders as to exclude these directions from them, and the appellants should be allowed the usual costs and disbursements upon the appeal.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, with ten dollars costs and disbursements. Order entered as directed in opinion.