WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—November, 1887.

HOPKINS *v.* LANE.

*In the matter of the application for a decree revoking the decree admitting to probate the will of* LOUISA S. HOPKINS, *deceased.*

A petition seeking to procure the revocation of probate of a will under Code Civ. Pro., § 2647, and, *pari passu,* the vacating of the decree granting probate upon a ground specified in id., § 2481, subd. 6, is objectionable on the ground of multifariousness.

The provision of 2 R. S., 65, § 50, making a legacy, etc., to a subscribing witness to a will, void where the legatee's testimony is essential for procuring its admission to probate, cannot be waived by the petitioner for probate alone, where others are interested in the residuary estate.

A Surrogate is competent to entertain an application for probate of a will, although related by affinity within the sixth degree (Code Civ. Pro., § 46), to one designated a legatee therein,—the latter not being a party to the special proceeding.    ....        ....

The will of testator bequeathed "to the rector, church-wardens and vestrymen of S. P. Church," a religious corporation, five hundred dollars for a stained glass window, or a lectern and pulpit, "whichever the said rector," etc., "shall deem most suitable."—

*Held,* that the Surrogate was not disqualified, by the fact that he was senior warden of the church in question, from sitting in the special proceeding instituted to procure probate of the will,—either under Code Civ. Pro., § 2496, subd. 1, as being "a devisee or legatee of any part of the estate, or under id., subd. 3, which disqualifies him only "*where he is named* as executor, trustee or guardian in any will or deed of appointment involved in the same matter."

THE will in question was admitted to probate December 16th, 1886, and it is now sought to have the decree, admitting the same to probate, vacated.

Among other provisions, the testatrix bequeathed a legacy as follows: "*Fifth.* I give and bequeath to the

rector, church-wardens and vestrymen of St. Peter's church, in the village of Peekskill, the sum of five hundred dollars, for a stained glass window, or a lectern and pulpit (whichever · the said rector, church-wardens and vestrymen shall deem more suitable) to be placed in St. Peter's church, Peekskill, with the following inscription, 'In memory of Ezra, Susan, Harriet and Louisa S. Hopkins.'"

The *eighth* provision of the will is as follows: "I give one pair of candlesticks to Mrs. Calvin Frost and one pair to Mrs. Owen T. Coffin." The latter was one of two subscribing witnesses to the will, and is the wife of the Surrogate, who is the senior church-warden of the said St. Peter's church. The only next of kin of the decedent is Peter H. Hopkins, an attorney at law. He appeared in person at the time the will was proved, and signed and caused to be filed a writing duly acknowledged, of which the following is a copy:

"Surrogate's Court, Westchester County.—In the matter of proving the last will and testament of Louisa S. Hopkins, deceased. I, the undersigned heir and next of kin of Louisa S. Hopkins, deceased, do hereby waive the issue and service of a citation in the matter of proving the last will and testament of the said Louisa S. Hopkins, deceased, and do hereby consent that the witnesses to the same be immediately examined with a view to the probate thereof.

PETER H. HOPKINS."

Whereupon the subscribing witnesses to the will were sworn and examined, and a decree was entered admitting the will to probate. The sole executor

named in the will, Henry H. Lane, qualified and entered upon the discharge of his duties.

On the hearing, in this matter, the petitioner filed a consent that Mrs. Coffin be examined, on the re-proving of the will, as a subscribing witness, "without forfeiture or relinquishment" of the gift or bequest to her, the value of which has been appraised at $2.50.

He, however, objected that the Surrogate was disqualified from acting in the matter of the original probate, first, because his wife was a legatee, and second, because he was senior warden of St. Peter's church.

PETER H. HOPKINS, *in person, for the motion.*

C. H. FROST, *for the executor, opposed.*

THE SURROGATE.—The petition in this matter, as to the relief sought, is dual in its character. It seeks first an order vacating the decree admitting the will to probate, as provided by subd. 6 of § 2481 of the Code, and, second, the revocation of the probate, as authorized by title 3, Article 2, chap. 18 thereof. On the application to vacate the decree, only the parties in the original probate proceeding need be cited, but, in the proceeding to revoke, not only those parties, but all the legatees, etc., are required by statute to be cited. The first proceeding involves a mere motion, the latter, a trial upon the merits. The petition is, therefore, objectionable as multifarious. I will, however, proceed to consider the motion to vacate, which is, thus far, the only matter submitted. This I have

power to determine (Seaman v. Whitehead, 78 *N. Y.*, 306).

The petitioner alleges in his application that, at the time the will was proved and the decree entered admitting the same to probate, the Surrogate was disqualified from acting, and had no jurisdiction in the premises, because, first, he was, at the time, an officer of the corporation of St. Peter's church, to whom a legacy was bequeathed for a certain purpose, and, second, because his wife was and is a legatee under the will of the deceased, and prays that such decree be set aside as irregular and void for want of jurisdiction. Briefs have been submitted by both counsel, on this point only, and I am required to decide the question.

The sections of the Code bearing upon the subject are as follows: "§ 46. A judge shall not sit as such in, or take part in the decision of, a cause or matter to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree." . . . . .

"§ 2496. In addition to his general disqualifications as a judicial officer, a Surrogate is disqualified from acting upon an application for probate, or for letters testamentary, or letters of administration, in each of the following cases:

"1. Where he is, or claims to be, an heir or one of the next of kin to the decedent, or a devisee or legatee of any part of the estate.

"2. Where he is a subscribing witness, or is neces-

sarily examined or to be examined as a witness, to any written or nuncupative will.

"3. Where he is named as executor, trustee, or guardian, in any will, or deed of appointment involved in the matter.

"§ 2497. An objection to the power of a Surrogate to act, based upon a disqualification, established by special provision of law, other than one of those enumerated in the last section, is waived by an adult party to a special proceeding before him, unless it is taken at or before the joinder of issue by that party; or, where an issue in writing is not formed, at or before the submission of the matter or question to the Surrogate."

If, therefore, the Surrogate was disqualified from acting, by reason of any provisions of law other than those contained in § 2496, it was incumbent upon the petitioner, if he wished to avail himself thereof, to have interposed the appropriate objections before the matter was submitted on the depositions of the witnesses. So far from doing this, he filed a consent in writing that the subscribing witnesses should be immediately examined with a view to the probate of the will. He raised no objection of any description. So far as the question of affinity is concerned, if not waived, it could not have been sustained, for the reason that the wife of the Surrogate was not a party to that proceeding. The only parties were the proponent, named as executor, and this petitioner.

And besides this, 2 R. S., 65, § 50, renders the legacy void by reason of her having been one of two subscribing witnesses to the will, without whose testi-

mony it could not have been proven. She was a resident of the State, competent to testify, as those proceedings show, and was neither an heir at law nor next of kin of decedent, nor otherwise entitled to any share of her estate, had she died intestate. Thus, that witness, being by law deprived of the legacy, ceased to have any interest in the matter, and it stood in the same position as if she had not been named as a legatee. But the petitioner, probably seeing the difficulty, sought to obviate it by filing, in this matter, a stipulation that she be examined on re-proving the will without forfeiting her legacy. This it is not competent for him, alone, to do. If the legacy to her fail, as it does under the statute, and the will be undisturbed, it will fall into the residuum, in which several persons besides the petitioner, are interested. It is sufficient, however, to say that the decree cannot be revoked on that ground, as the objection, if it had been raised, was without force.

The only remaining question is, was the Surrogate disqualified by reason of the provisions of subd. 1 and 3 of § 2496. Undoubtedly, persons and classes of persons, and corporations may be legatees. Is the Surrogate, or does he claim to be, a legatee of any part of the estate? He certainly makes no claim to that effect, nor is any legacy bequeathed to him by the will. A legacy is given to a religious corporation, of which he is an officer, for certain purposes. He is not named or described as legatee, but the corporation is. It is not given to both. If any special provision of law anywhere forbids his sitting in such a case, on the ground that he is interested as an officer of the

corporation, the petitioner waived it by failing to raise the objection.    But the Surrogate has nothing to gain or lose by this provision for the church, which has now its complement of windows, and its lectern and pulpit.    Sentiment might be gratified by the bequest, but no pecuniary interest is affected.    Nor is he "named" as executor, trustee, etc., in any manner. It is true, the corporate body may act as trustee in applying the amount of the legacy in the manner indicated, but the Surrogate is not "named" or called by name, in the will as executor or trustee.    The statute objects to his acting only where his name is inserted as such executor, etc.    If any other valid objection under any special provision, might have been raised, it has also been waived.

The facts alleged are insufficient to warrant the making of the certificate as provided by § 2487 of the Code.

For the reason assigned, the motion is denied.