VREEDENBURGH, appellant, *vs.* CALF, respondent.

Where a surrogate makes an order, under the act of May, 1837, requiring an administrator to give further security within a specified time; and the administrator immediately appeals from such order and perfects his appeal before the expiration of the time limited by the order for the giving of such further security, the surrogate has no authority pending the appeal to make the further order, directed by the statute, revoking the letters of administration; until the appellate court shall have authorized further proceedings before the surrogate upon the order appealed from.

It seems, that where an administrator appeals from the order of a surrogate requiring further security, before the further order has been made revoking the letters testamentary in consequence of the neglect to give such further security, the respondent may, in a proper case, apply to the appellate court for an injunction to prevent the admnistrator from wasting the assets of the decedent pending the appeal.

Where a surrogate has made an irregular or an unauthorized order, he has the power to set aside such order; and upon a proper application it is his duty to do so, where such order was made ex parte.

April 6. THIS was an appeal from a decision of the surrogate of the county of Richmond. Special letters of administration, *ad colligendum*, had been granted to Vreedenburgh, upon the estate of Cornelius Roberts deceased, until probate of the will of the decedent could be made and letters testamentary granted thereon. On the 29th of October, 1838, upon the application of the respondent Calf who claimed an interest in the estate of the decedent, and after hearing of the parties, the surrogate made an order that the special administrator should give further sureties, in the sum of $35,000, on or before the 3d of November. From that order Vreedenburgh immediately appealed, and filed with the surrogate the usual bond for costs upon the appeal. And being advised by his proctor that such appeal stayed all further proceedings before the surrogate, he neglected to give the further sureties, to execute the trust, as required by the order. In consequence of this neglect the surrogate, upon the application of the proctor of Calf, and after the expiration of the time limited for the giving of such further sureties, made the further order directed by the stat-

ute, revoking the special letters of administration. That order was made and entered on the fifth of November. But Vreedenburgh was not aware of the existence of such order until the 8th of December thereafter ; when he immediately gave notice of an application to the surrogate to set aside or revoke such order, on the ground that it was irregularly and improperly entered after the appeal from the first order. The surrogate denied the application, with costs ; from which decision Vreedenburgh brought this appeal.

*M. T. Reynolds & J. R. Townsend,* for the appellant.

*A. Taber & J. B. Purroy,* for the respondent.

THE CHANCELLOR. The most important question presented in this case arises upon the construction of the revised statutes in relation to the staying of proceedings upon appeals from the decisions of surrogates. Another question has been raised, by the counsel for the respondent, as to the jurisdiction of the surrogate to entertain the application to set aside the order of the 5th of November ; even if it was irregular. I have no doubt, however, as to his power to vacate the order if it was improperly entered. The provision of the revised statutes depriving the surrogate of the authority to exercise any incidental power, not expressly given by the statute, is repealed by the act of May 16th, 1837. (*Laws of* 1837, *p.* 536, § 71.) And if the order of the 5th of November was entered when the surrogate had no power to enter such an order, he not only had the right but it was his duty to set it aside for irregularity.

The 107th section of the article of the revised statutes relative to appeals, (2 *R. S.* 610,) requires appeals from surrogates, in cases not before specified, or otherwise limited by law, to be made within thirty days after the order, sentence, or decree appealed from is made. The next section requires a bond, with sureties, to be given to the ad-

1841.

Vreedenburgh
v.
Calf.

verse party, by the appellant, in the penalty of at least $100 ; conditioned to prosecute the appeal to effect, and to pay all costs which shall be adjudged against the appellant by this court. And the 109th section declares that every such appeal, when perfected, except in the special cases provided for in the two next sections, shall suspend all proceedings on the order appealed from, until such appeal be determined, or until the court to which the appeal shall be made shall authorize proceedings thereon. The two next sections provide for those cases where immediate proceedings are necessary to protect the property, and for the commitment of persons for contempt, &c. And there is another exception contained in the 116th section ; which section declares that appeals from orders of surrogates, suspending or removing executors, administrators, or guardians shall not affect any such order until the same be reversed.

At the time these several provisions were adopted, the law under which this proceeding was instituted was not in force ; this being an application under the 16th section of the act of May 16th, 1837, concerning the proof of wills, executors and administrators, guardians and wards, and surrogates' courts. (*Laws of* 1837, *p.* 529.) But a proceeding of the same nature, and substantially in the same form, was authorized by the revised statutes, to compel an executor to give security for the discharge of his trust. (2 *R. S.* 728 § 18 to 21.) The statutory provisions relative to appeals, so far as they would be applicable to a similar proceeding under the revised statutes to compel an executor to give security, must be equally applicable to a proceeding against a general or special administrator, under the act of May, 1837, to compel him to give further security. In neither case is the surrogate authorized to suspend the powers of the executor or administrator immediately. He is only authorized to make an order that the executor or administrator give security within such reasonable time as the surrogate shall direct, not exceeding five days. And it is only upon a neglect or refusal to comply

with such order that the surrogate is authorized to make the
further order, to supersede the letters testamentary, or to
revoke the letters of administration; so as effectually to
suspend the power of the executor or administrator by vir-
tue of the 116th section, before referred to, pending an
appeal. (2 R. S. 611.)

The bond for costs, required by the 108th section of
the article relative to appeals is of course no protection
against a waste of property pending the appeal in a case
where the executor or administrator thinks proper to appeal
from the preliminary order requiring him to give security,
and before the final order founded upon his neglect to
comply with such preliminary order is entered; as was
done here. Neither is the security required by that section
any protection to the respondent from loss, pending the
appeal from a decree or order for the payment of money
by an executor or administrator, upon the final settlement
of his account; nor in many other cases which might be
mentioned. But the statute is imperative that the enter-
ing of the appeal and the giving of the bond for costs, in
such cases, shall suspend all proceedings on the order ap-
pealed from. And the surrogate was not authorized to
make the order of the 5th of November, 1838, as his juris-
diction was suspended by the appeal. If the respondent,
in a case like the present, has any remedy to prevent a
waste of the property pending the appeal, where the appel-
lant suspends the power of the surrogate to make the final
order requiring him to give security, it must be by a special
application to the appellate court, upon petition or affida-
vits, showing the necessity of its interference, by injunc-
tion or otherwise, to prevent the administrator from wast-
ing the decedent's property pending the appeal.

The decision of the surrogate must, therefore, be revers-
ed, and the order of the 5th of November must be vacated.
But it is not a case for charging the respondent with the
costs of the appeal. The appellant having died since the
argument, the order for reversal must be entered as of
the time of such argument, *nunc pro tunc.*