JOHN HEERMANS, APPELLANT, *v.* CATHARINE T. HILL, RESPONDENT.

*Surrogate — powers of.*

A surrogate has power to allow a person who has proposed a will for probate, to withdraw the same, and discontinue the proceeding.

APPEAL from an order of the surrogate of Steuben county, allowing the respondent to withdraw from the contestation of a will, proposed by her for probate.

*Brown & Hadden*, for the appellant.

*Wm. Rumsey*, for the respondent.

E. DARWIN SMITH, J. :

The single question presented upon this appeal, is, whether the surrogate had power to allow the respondent to withdraw the will from probate, and to discontinue proceedings.

It is difficult to see, upon what principle a court or judicial officer, authorized to entertain any suit or proceedings of a judicial character, is not necessarily possessed of the power to dismiss such a proceeding, or to allow the same, in his discretion, to be discontinued. Surrogates' courts possess the incidental power, common to all courts or officers exercising judicial functions.[*] The necessity for the existence and exercise of such power, has been repeatedly asserted in the courts.[†] Surrogates' courts, it is true, are

[*] Sipperly v. Baucus, 24 N. Y., 46.

[†] Pew v. Hastings, 1 Barb. Chy., 452; Vreedenburgh v. Calf, 9 Paige, 128; Skidmore v. Davies, 10 id., 316; Brick's Estate, 15 Abbott, 32; Campbell v. Thatcher, 54 Barb., 384.

courts of special and limited jurisdiction. Such courts must show their authority in the statute book for taking jurisdiction of any particular subject-matter, but, in respect to all matters committed to their cognizance after they have fully acquired jurisdiction, they must possess the ordinary incidental common-law power, necessary to the due discharge of the duties intrusted to them.

The power to entertain a suit or proceedings, implies a power to dismiss or discontinue them, and we can see no reason why this power should be denied to surrogates' courts. We think the surrogate clearly possessed the power to allow the proponant in this case, to retire from an impending litigation upon the will in question, and leave to others its assertion, who might be disposed to encounter the controversy. The order should be affirmed with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Order affirmed, with costs.