HEERMANS, appellant, v. HILL.

*Surrogate — powers of — may allow the withdrawal of will by proponent.*

A surrogate allowed the proponent of a will, the admission of which was contested to withdraw the same from probate. *Held*, that he had power to do so. While such courts must show statute authority for taking jurisdiction of any subject-matter, after they have acquired jurisdiction, they possess the ordinary common-law powers necessary to the discharge of the duties intrusted to them.

APPEAL from an order made by the surrogate of Steuben county allowing the withdrawal of a will from probate, and the discontinuance of proceedings to prove the same. In May, 1873, the respondent Catherine T. Hill propounded for probate a paper purporting to be the last will of Joseph Fellows, deceased, she being one of a large number of beneficiaries named in the will. The appellant, John Heermans, appeared and contested the probate. Proof was taken by the surrogate, but before the matter was finally

submitted, the proponent applied to withdraw the will and discontinue the proceedings, which application was granted and the order appealed from made.

*Brown & Hadden*, for appellant, cited *Valentine* v. *Northrop*, 12 Wend. 494; *Corwin* v. *Merritt*, 3 Barb. 341; *Paff* v. *Kinney*, 1 Bradf. 1; *Sheldon* v. *Wright*, 5 N. Y. 497; *Farnsworth* v. *Oliphant*, 19 Barb. 30; 2 R. S. 220; *Wilson* v. *Baptist Ed. Society*, 10 Barb. 316; *Magee* v. *Vedder*, 6 id. 353; *Cleveland* v. *Whiton*, 31 id. 546; *Matter of Brick's Estate*, 15 Abb. 12; *Sipperly* v. *Baucus*, 24 N. Y. 46.

*Rumsey & Miller*, for respondent.

E. DARWIN SMITH, J. The single question presented upon this appeal is, whether the surrogate had power to allow the respondent to withdraw the will from probate and to discontinue proceedings.

It is difficult to see upon what principle a court or judicial officer authorized to entertain any suit or proceeding of a judicial character is not necessarily possessed of the power to dismiss such a proceeding or to allow the same in his discretion to be discontinued. Surrogate's courts possess the incidental powers common to all courts or officers exercising judicial functions. *Sipperly* v. *Baucus*, 24 N. Y. 46. The necessity for the existence and exercise of such powers has been repeatedly asserted in the courts. *Pew* v. *Hastings*, 1 Barb. Ch. 454; *Vreedenburgh* v. *Calf*, 9 Paige, 128; *Skidmore* v. *Davis*, 10 id. 316; *Matter of Brick's Estate*, 15 Abb. 12; *Campbell* v. *Thatcher*, 54 Barb. 384.

Surrogate's courts, it is true, are courts of special and limited jurisdiction. Such courts must show their authority in the statute book for taking jurisdiction of any particular subject-matter, but in respect to all matters committed to their cognizance after they have fully acquired jurisdiction, they must possess the ordinary incidental common-law powers necessary to the due discharge of the duties intrusted to them.

The power to entertain a suit or proceeding implies a power to dismiss or discontinue it, and we can see no reason why this power should be denied to surrogate's courts.

We think the surrogate clearly possessed the power to allow the proponent in this case to retire from an impending litigation upon

the will in question, and to leave to others its assertion who might be disposed to encounter the controversy.

The order should be affirmed, with costs.

*Order affirmed.*