THE PEOPLE OF THE STATE OF NEW YORK ex rel.
GEORGE S. WRIGHT, Respondent, v. OWEN T. COFFIN,
SURROGATE OF WESTCHESTER COUNTY, APPELLANT. *

GEORGE S. WRIGHT, Appellant, v. ABBIE J. FLEMING
AND OTHERS, RESPONDENTS.

THE SAME v. THE SAME.

GEORGE S. WRIGHT, ADMINISTRATOR, v. ABBIE J.
FLEMING AND OTHERS.

*Surrogate — Mandamus — Injunction — cannot issue against, when — settlement of accounts — Power to open accounting before decree made — Discretion.*

Where a party has a clear legal remedy, a mandamus will not issue, and the same rule generally governs the exercise of the jurisdiction of courts of equity, in restraining parties from procuring or enforcing the orders and judgments of other courts, in cases within the jurisdiction of such courts.

A surrogate has the power, and it is his imperative duty to settle the accounts of an administrator. To settle such accounts is to ascertain what is justly due by him to the several persons who are entitled to share in the distribution of the moneys in his hands, after defraying the expenses of the trust.

Where the surrogate would not allow proof of certain payments to the next of kin because the parties had submitted their case without proof of such payment, although the application was made while the proceedings were still pending, and after the surrogate had announced that he would hear the parties, touching any thing that had escaped his attention, when they came before him to settle the decree: *held*, error.

1. That the submission of the case without proof of the payments referred to, at most, furnished matter for the exercise of his discretion, like an application on a trial to introduce further testimony after counsel had rested, or to recall a witness after he had left the stand; and although as a general rule a higher court will not review the exercise of a discretionary power by an inferior tribunal, yet it is their duty to do so in the case of a palpable abuse of discretion.

2. That as he refused to exercise his discretion, on the ground of a want of power, that also was an error, which it was the duty of the higher court to correct.

APPEALS from a surrogate's order on a final settlement of the accounts of an administrator.

From an order directing that a mandamus issue directed to the

* These appeals were decided at the February term, 1876.

surrogate of Westchester county, commanding him to receive evidence in the matter of the accounting of George S. Wright, administrator.

From an order overruling a demurrer to the complaint in an action brought by the administrator to restrain the next of kin from taking any decree in the Surrogate's Court which failed to allow him credit for certain alleged payments, and from an order granting an injunction in the last mentioned action.

*Clarkson N. Potter*, for George S. Wright.

*Francis N. Bangs*, for Thomas, Francis and H. Nelson Wright.

*Alexander Thain*, for Abbie J. Fleming.

*George Norris*, for John T. Wright.

GILBERT, J.:

In disposing of the appeal from the order granting a mandamus, and the appeals from the orders made in the suit in equity, it is sufficient to say that Mr. Wright had a clear legal remedy, of which, as will hereafter appear, he availed himself successfully. That a mandamus will not issue where the relator has another specific legal remedy is a familiar elementary rule.

The same rule governs the exercise of the jurisdiction of courts of equity in restraining parties from procuring or enforcing the orders and judgments of other courts in cases within the jurisdiction of such courts. For where there is an adequate remedy, by motion or by appeal, there is no occasion for the interference of a court of equity. Mr. Wright had the remedy of appealing from the order of which he complained. Orders made in Surrogates' Courts must be entered, and appeals therefrom may be taken to this court, which possesses all the powers in such cases formerly vested in the circuit judges, and in the Court of Chancery. (Laws 1847, ch. 280, § 17; *Schenck* v. *Dart*, 22 N. Y., 420.) An appeal, when perfected, except in certain specified cases, of which this is not one, stays all proceedings on the order appealed from (2 R. S, 609, §§ 104, 107, 109; *Whitbeck* v. *Patterson*, 22 Barb., 83);

and this court has power to stay all other proceedings which might frustrate or impair the benefit of the appeal. (*Vredenburgh* v. *Calf*, 9 Paige, 128.) Such appeals are not affected by the Code. (Sec. 471.) Without intending to intimate that in no possible case will this court interfere by mandamus or injunction with proceedings pending in Surrogates' Courts, we think the case before us did not call for the exercise of such powers.

The order granting the mandamus, that overruling the demurrer, and that granting an injunction, are reversed, with costs of such appeal.

With respect to the appeal from the order of September 20, 1875, whereby the surrogate denied the application of the administrator to prove payments, or advances intended if necessary to operate as such, amounting to $114,000 and upwards, made by him to the next of kin of the intestate, the order ought, in our opinion, to be reversed. It is evidently based upon a misconception, both of the power and the duty of the surrogate. He had the power, and it was his imperative duty to settle the accounts of the administrator. To settle the accounts of an administrator is to ascertain what is justly due by him to the several persons who are entitled to share in the distribution of the moneys in his hands, after defraying the expenses of his trust. That is to be done after a citation of the parties in interest, and a hearing of their allegations and proofs. He is authorized to adjourn the hearing from time to time as shall be necessary (2 R. S., 93, §§ 60 to 64, 70), and, finally, to settle the account, and, in doing so, to administer justice according to the provisions of the statutes of this State. (Id., 220, § 1, sub. 3 and 5.) It is difficult to conceive language more comprehensive to confer all the power needful to a just discharge of the duty imposed under any and all circumstances. The nature of the proceeding, says Chancellor WALWORTH, in *Gardner* v. *Gardner* (7 Paige, 112), is like a proceeding to take an account before a master where additional charges or discharges may be received upon sufficient reason shown. It is not worth while to discuss the question often mooted respecting the incidental powers of surrogates. for here is an express power ample for the purpose. The application was not to open a decree or grant a rehearing, for no decree has yet been made. It

was simply to be allowed to prove payments to the next of kin; and it was made while the proceeding was still pending, and after the surrogate had announced that he would hear the parties, touching any thing that had escaped his attention, when they came before him to settle the decree. The whole proceeding, therefore, was still open and pending before him. The submission of the case, without proof of the payments referred to, did not annihilate his power to do justice. At most that furnished matter for his discretion, to be exercised in furtherance of justice; like an application made upon the trial of an action to be permitted to introduce further testimony after the counsel had rested, or to recall a witness after he had left the stand. I never heard the power of a court to grant such an application doubted. Surrogates clearly have the power, whether other courts have or not. (*Sipperly* v. *Baucus*, 24 N. Y., 49; *Campbell* v. *Thatcher*, 5 Barb., 387; *Van Alen* v. *Hewins*, 5 Hun, 44; *Kerr* v. *Kerr*, 41 N. Y., 272.)

As the surrogate denied the application on the ground that he had no power to grant it, is is our duty to reverse the order without reference to the question whether the order was a proper exercise of judicial discretion or not. (*Tilton* v. *Beecher*, 59 N. Y., 176.) But we think the order cannot be upheld as an exercise of discretion. The omission of the payments from the account presented was sufficiently explained as attributable to mistake or inadvertence. The imputation that the administrator fraudulently caused or connived at such omission, and withheld the evidence of the payments until after the surrogate had decided upon the account as presented, in order to accomplish sinister purposes of his own, seems to us to be a harsh one and not warranted by the evidence. Still, whatever may have been the motives which actuated the conduct of the administrator, we think it did not justify the surrogate in inflicting such punishment, or relieve him from a just and conscientious performance of the duty of settling the accounts. We think that the object which the administrator had in view may have been to shield the memory of his father, certainly it was not to defraud his brothers and sisters. We think, therefore, that the surrogate should have granted the application.

While, as a general rule, this court will not review the exercise of a discretionary power by an inferior tribunal, yet it is our duty

to do so in a case of palpable abuse of discretion. If the surrogate exercised his discretion in this case — of which there is no evidence save the suggestions of counsel — we think he fell into an error which it is our duty to correct.

The order of September 20, 1875, is reversed, with costs, and the proceedings are remitted to the surrogate with directions to proceed and settle the account.

Present — BARNARD, P. J., GILBERT and TALCOTT, JJ.

Order granting mandamus reversed, with costs. Order granting injunction reversed, with costs. Order overruling demurrer reversed, with costs. Order of surrogate reversed, with costs, and proceedings remitted to surrogate with directions to proceed.