NEW YORK COUNTY.—HON D. G. ROLLINS, SURROGATE.—July, 1882.

TOOKER V. BELL.

*In the matter of the probate of the will of* CHARLOTTE A. PEPOON, *deceased.*

Code Civ. Pro., § 2668 restricts the Surrogate's power to appoint a temporary administrator of a decedent's estate to cases where delay necessarily occurs in granting letters testamentary or of general administra-

tion, being in this respect narrower than L. 1870, ch. 359, § 13, which gave the court in New York county power "in cases where contest is made . . . . to the probate of any will relating to real estate," to appoint a receiver thereof, pending such contest.

A Surrogate's court has no power to determine, upon the admission to probate of a will of realty, the question of ownership or even of right of possession in the rents and profits of the property devised, as between the devisees and the heirs at law.

Decedent's alleged will contained no disposition except a devise of real property, and named no executor. Pending a contest over its probate, and after September 1st, 1880, an order was made by the Surrogate's court of New York county, on consent of all parties, authorizing a trust company to collect the rents of the devised premises. During the pendency of an appeal to the Court of Appeals from a judgment of the Supreme Court affirming a decree admitting the will to probate, the alleged devisee petitioned the Surrogate's court for an order directing said trust company to pay over to herself the rents collected by it— *Held,*

1. That the original order, authorizing the collection of the rents, was void, there being no possibility of the delay, specified in the statute as the necessary condition of its issuance.

2. That, though the court might vacate its void order, it had no power, under any provision of the statute book, to supplement such vacation by granting the petition, and that the prayer thereof must be denied.

APPLICATION by Margaret A. Tooker, a devisee under decedent's will, for an order directing the Union Trust Company to account for and pay to petitioner rents of real property belonging to decedent's estate, collected by it; opposed by Marshall Bell, an heir at law of decedent, contestant. The facts appear sufficiently in the opinion.

MILLER & PECKHAM, *for petitioner.*

MARSHALL BELL, *in person.*

THE SURROGATE.—A paper purporting to be the last will of the decedent was propounded in this court in 1880. The respondent, who is one of her heirs at law, opposed its admission to probate. It purports to devise

to the petitioner in this proceeding certain real estate in New York city, but contains no other disposition of either real or personal property and names no executor. During the pendency of the controversy over the probate, the Surrogate, with the consent of all the parties, made an order authorizing the Union Trust Company to collect and receive, as they became due, the rents of the premises whereof this petitioner claimed to be the devisee.

On the 28th of July, 1881, a decree was entered admitting the alleged will to probate, and the same was subsequently affirmed by the Supreme Court. An appeal was thereupon taken to the court of last resort, where proceedings are still pending. By her present application, the petitioner applies for an order directing the Union Trust Company to account for all the rents which it has collected, and to pay over the same to herself. as the person lawfully entitled thereto.

It is claimed that the order of my predecessor, whereby the Union Trust Company received its appointment as receiver, was *coram non judice* and void. That order seems to have been based upon a mistaken interpretation of the statute which was supposed to justify its issuance. The parties and the court must either have overlooked the fact that the 13th section of chapter 359 of the Laws of 1870 was repealed at the time the Code was adopted, or they must have assumed that sections 2668 and 2675 of the Code itself gave a new lease of life to that which such repeal had extinguished.

Now, upon careful comparison, the two provisions, though probably intended to be co-extensive (as Mr. Throop indeed asserts in one of his notes), are found to

differ in an essential particular. Section 13 declares that "in cases where contest is made . . . . to the probate of any will relating to real estate, the Surrogate shall have power to appoint some suitable person as receiver of such real estate pending the contest."

It will be seen that, while this statute was in force, the mere existence of the contest justified, of itself, the appointment of a receiver. Section 2675 provides that "where a temporary administrator is appointed in consequence of a contest respecting a will of real property, the order appointing him may confer upon him authority . . . to receive the rents and profits thereof." This section contains no grant of authority to appoint a temporary administrator, but simply prescribes certain of his powers and duties when he shall have received his letters.

The circumstances under which such letters may be granted are fully set forth in section 2668. They can issue where such a course is necessary for the protection of the property of one who has disappeared under certain specified circumstances. With this exception, they are only allowable " where delay necessarily occurs in the granting of letters testamentary or letters of administration." It is clear that the jurisdiction thus accorded is not enlarged in the least by section 2675, which simply establishes a mode of exercising authority, of which it does not pretend to be the source.

In the present case, the decedent died intestate, as to all her estate except the real property devised by the will. The controversy over the probate of that instrument did not, and, in the nature of things, could not, occasion delay in the granting of letters of administration. No let-

ters testamentary can ever issue.   The will names no executor, and, as it contains simply an absolute devise of real estate, will never need an administrator.   The order, therefore, which empowered the Union Trust Company "to collect and receive the rents" of the property in question was unauthorized and void.

That the court which issued it may lawfully set it aside is not open to dispute (Vreedenburgh v. Calf, *9 Paige, 128;* Sipperly v. Baucus, *24 N. Y., 46;* Seaman v. Whitehead, *78 N. Y., 308*).   But have I authority to supplement the vacation of that order by requiring the Union Trust Company to pay to the petitioner the moneys which it has thus far collected ?

This court has only such jurisdiction as the Legislature has expressly conferred.   In the absence of any statutory authority it will scarcely be claimed that the Surrogate, at the time he appointed the receiver, could have lawfully directed the rents in question to be paid directly to the devisee, or that he received such accession of jurisdiction by the mere issuance of a void order that he could do thereafter what he could not have done theretofore.

To grant the prayer of this petition would involve an assertion that this court is empowered to determine, upon the admission to probate of a will of realty, the question of ownership or at least of right of possession in the rents and profits of the property devised, as between the devisees and the heirs-at-law.   No such authority can be spelled out of any provision of the statute book to which my attention has been called, and so, without passing upon the question whether the appeal from the decree admitting the will to probate is or is not effectual of it-

self to stay such action as is here invoked, I deny the petitioner's application.

Ordered accordingly.