### *In re* UNDERHILL'S ESTATE.[1]

#### (*Surrogate's Court, Westchester County.*    December, 1888.)

1. JUDGMENT—OPENING—LIMITATION.
    Code Civil Proc. N. Y. § 724, limiting the time within which application should be made for relief from a decree taken through "mistake, inadvertence, surprise, or excusable neglect," does not apply to a decree which the court had no power to make.    In such case there is no limitation.

2. EXECUTORS AND ADMINISTRATORS—OVERPAID LEGACY—POWERS OF SURROGATE.
    In an accounting by an executor, the surrogate has no power to decree that the executor recover of a legatee the amount he had overpaid her.

3. SAME—DECREE OF SURROGATE—DISCHARGE OF LIEN.
    Code Civil Proc. N. Y. § 2553, provides that the county clerk shall docket the decrees of the surrogate as prescribed by law for the docketing of a judgment of the supreme court, and that "the docketing of such a decree has the same force and effect; the lien thereof may be suspended or discharged, and the decree may be assigned or satisfied, as if it was such a judgment."    *Held*, that a surrogate cannot discharge the lien of his decree after it has been docketed.

Application of Elizabeth R. Guion, executrix of Elizabeth M. Guion, deceased, to vacate a decree rendered by the surrogate in proceedings for a settlement of the accounts of Philip R. Underhill, executor of Elizabeth R. Underhill, deceased, whereby it was adjudged that said executor should recover of said Elizabeth M. Guion a certain amount which had been paid her in excess of her interest as legatee under the will of said Elizabeth R. Underhill.

*Alex. Thain*, for petitioner.    *A. R. Dyett*, opposed.

COFFIN, S.    It is claimed that this application should have been made within one year after the entry of the decree complained of, under the provision of section 724 of the Code; but that section declares that such application must be made within one year after notice thereof, and it does not appear that any such notice was given.    That is sufficient answer, were the section otherwise applicable; but it is not, for the application is not to relieve a party from a decree taken "through mistake, inadvertence, surprise, or excusable neglect," but from a decree which it is alleged the court had no power to make.    I know of no limit to the time within which such an application must be made.    If the court had no jurisdiction, no period of time elapsed

[1] Affirmed, 6 N. Y. Supp. 133; 22 N. E. Rep. 1120.

could confer it.   It was held as long ago as the case of *Vreedenburgh* v. *Calf*, 9 Paige, 128, when the powers of the surrogates were much more restricted than at present, that it was their duty to vacate orders that they had no power to make.   If it be said that the decree, in the respect complained of, was entered by the agreement of counsel, it is axiomatic that consent will not confer jurisdiction where it is lacking.

Having thus reached the conclusion that the court has power to entertain the application, and make such order therein as may be appropriate, the next question is, had it the jurisdictional power to make that part of the decree under consideration?   The portion of that decree read as follows:   "And, it being hereinafter adjudged that said executor and trustee has overpaid to Mrs. Elizabeth M. Guion on her share of the whole net income, after charging her with her share, $1,348.71, of said commissions, the sum of $3,953.35, it is hereby ordered, adjudged, and decreed that the overpayment to her, after charging her with said commissions, amounts to the said sum of $3,953.35. For this overpayment to Elizabeth M. Guion, that said Philip R. Underhill have and recover from said Elizabeth M. Guion, and he is hereby adjudged, as against her, entitled to the said sum of $3,953.36, and that said Elizabeth M. Guion repay said last-mentioned sum to Philip R. Underhill."   This provision, it is contended, the surrogate had no power to make.   This position seems to be well taken.   It is true that he had jurisdiction over the subject-matter of the accounting of the executor, and over the persons of all the parties.   But he had no jurisdiction beyond settling the accounts and enforcing the decree.   He was to see that the executor properly charged himself with all the assets of the estate which he had received, had credited himself with the proper payments made by him thereout, and to direct a distribution of the balance, if any, remaining in his hands after deductions for commissions, costs, expenses of the accounting, etc.   If it were made to appear that the executor had fully paid a beneficiary under the will, the decree would so adjudge, and stop at that point.   To adjudge beyond that would be to exceed the power with which he is clothed.   To determine whether a surrogate has power to make an order or decree in a given case, we only have to inquire as to power to enforce it.   If that be lacking, the order or decree is a mere *brutum fulmen*.   If an executor were negligently to pay a creditor of the testator more than the true and the acknowledged amount of his claim, this court would have no power to decree that the creditor should pay the excess to the executor.   It could not compel obedience to the requirements of such a decree, if made; and a legatee stands in precisely the same position, in this respect.   Suppose Mrs. Guion had been alone interested in the estate, and had been cited by the executor to attend his accounting, and it had resulted in showing that she had not only been fully paid all that was due to her, but had been overpaid a large amount, and she conceded the payment in full, but disputed the amount of the overpayment claimed.   It is quite clear that the surrogate could not try the question.   His is not a court of general jurisdiction, such as the executor must appeal to, in order to establish and recover his claim.   He could not sue here for any such purpose.

The decree must be amended by striking out the paragraph in question. It is more than doubtful if this court can do any more.   A judgment was docketed against Mrs. Guion for the sum mentioned, in the county clerk's office.   Section 2553 of the Code declares that the county clerk shall docket the decrees as prescribed by law for the docketing of a judgment of the supreme court, and that "the docketing of such a decree has the same force and effect.   The lien thereof may be suspended or discharged, and the decree may be assigned or satisfied, as if it was such a judgment."   Now, if it were a judgment of that court, its lien could only be discharged by that court.   It would seem, therefore, that the surrogate, in so far as that is concerned, has no control over the docket.   An order may be entered accordingly.