---

In the Matter of the Accounting of PHILIP R. UNDERHILL, Executor, etc., of ELIZABETH R. UNDERHILL, Deceased.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Surrogate. Power.*—A surrogate has power to vacate orders which his court had no power to make.
2. *Same.*—But he has no power upon the accounting beyond settling the accounts; he cannot order a legatee to repay to the executor an overpayment of legacy.

Appeal from an order of the surrogate's court, vacating a part of its decree.

*Townsend, Dyett & Einstein,* for appellant.

*Alexander Thain,* for respondent.

BARNARD, P. J.—Philip R. Underhill, the executor of Elizabeth R. Underhill, accounted before the surrogate of Westchester county. By the terms of the will of the deceased Elizabeth M. Guyon was entitled to a life estate in a share of the net income. The surrogate, in the decree then made, adjudged that Mrs. Guyon had been overpaid

$3,953.35, and further adjudged that she repay the said sum to the executor. The decree was made in November, 1882. Mrs. Guyon died in December, 1883, and her executor applied to vacate that part of the decree which adjudged Mrs. Guyon to repay the overpayment to the executor. The surrogate granted the motion, and vacated the decree so far as it affected this overpayment to Mrs. Guyon. The order was rightly made. A surrogate has power to vacate orders which his court had no power to make. Vredenburgh v. Calf (9 Paige, 128). The power to correct judgments in proper cases is inherent to courts of justice. Ladd v. Stevenson (112 N. Y. 325; 20 N. Y. State Rep. 746).

The surrogate had no power upon the accounting beyond settling the accounts. The court established the assets and payments for and on the estate. An unauthorized payment had no place in the account. That was a private matter between the executor and the person to whom the payment had been made, and enforceable as such by action. The surrogate could issue no execution to enforce the expunged parts of this decree. The surrogate had no power to adjudge anything but the fact, whether Mrs. Guyon had been paid her life estate interest up to the time of the accounting, and when this was done, the distribution could proceed.

The order should be affirmed, with costs.

PRATT, J. concurs; DYKMAN, J., not sitting.