## *In re* UNDERHILL.

*(Supreme Court, General Term, Second Department.   July 2, 1889.)*

1. DRAINAGE—STATUTORY PROCEEDINGS—AMENDMENT.
    Where the map filed by the commissioners in proceedings under the New York drainage act called for open ditches, and subsequently a portion of them were made of tile and covered, the irregularity was cured by the filing of a new and corrected map by order of the county court, under the power to permit an amendment "in furtherance of justice," conferred by section 14.

2. SAME—REGULARITY OF PROCEEDINGS—PRESUMPTION.
    Under section 10 of the drainage act as amended by Laws 1886, c. 636, requiring the appellant's notice of appeal to contain "a full statement of the grounds of his appeal, setting forth the points on which he feels aggrieved by the determination of the commissioners," on objection, not urged in the notice of appeal to the county court, that certain lateral ditches were laid outside of the land condemned for drainage purposes as called for by the proceedings, it must be presumed that such lateral ditches were constructed by due authority.

Appeal from Westchester county court.

In the matter of the petition of Edward B. Underhill and others for the draining of certain swamp lands in Yorktown, Westchester county.   Silas S. Whitney, a land-owner affected by the proceedings, appealed to the county court from the acts and determinations of the commissioners, and from the decision of the county court sustaining the validity of the proceedings Whitney appeals to this court.

Argued before BARNARD, P. J., and PRATT, J.

*Abram J. Miller,* for appellant.   *Nelson H. Baker,* for respondents.

BARNARD, P. J.   The map filed by the commissioners under sections 6 and 7 of the drainage act called for open ditches.   A portion of the ditches was subsequently made of tile, and covered.   The county court had power to permit an amendment in furtherance of justice under section 14 of the act, and the amendment ordered and made by filing a new map cured the defect.   It appears by the case that certain of the lateral ditches were laid outside of the land which was condemned for the purposes of the drainage called for by the proceedings.   This was not urged in the notice of appeal, and the act seems to require "a full statement of the grounds of his appeal, setting forth the points on which he feels aggrieved by the determination of the commissioners."   Section 10, as amended by chapter 636, Laws 1886.   The appeal was tried in acquiesence with this principle in the law.   The county court, at the commencement of the hearing of the appeal, made a rule that no objection not taken in the notice would be considered.   It must be assumed that the lateral ditches outside of the district condemned were constructed by due authority.   The cases cited by the appellant (*Vreedenburgh* v. *Calf,* 9 Paige, 128; *Ladd* v. *Stevenson,* 112 N. Y. 325, 19 N. E. Rep. 842) establish the doctrine that a mere license is not sufficient to give an easement, and that a person benefited cannot be assessed for works not lawfully constructed.   This is undoubtedly the law, but on the appeal we must assume that the right to lay lateral ditches was legally obtained.   No such objection was presented to the county court, and only "questions of law" can be considered by the general term.   Section 12.   If we are right in the restrictive nature of this appeal, there is no other question of law involved, and the order confirming the report of the drainage commission should be affirmed, with costs.